Our next case is Home Depot USA vs La Farge North America,INC No. 221122. Counsel, would you like to reserve some time for rebuttal? Yes, Your Honor. Thank you. I'd like to reserve three minutes. That will be granted. Good morning, Your Honors. May I please the Court? My name is Roman Martinez. I'm here representing Home Depot. The question in this case is whether Home Depot should be bound by rulings and non-rulings in a separate class action brought by separate plaintiffs involving the same illegal price-fixing conspiracy. The answer to that question is no. The District Court said yes based on law of the case and issue preclusion, but those doctrines don't apply here. You should therefore allow Dr. Kneiper's testimony. More broadly, though, you should make clear that Home Depot has a right to have its own case adjudicated on its own merits. Without a thumb being placed on the scale based on prior rulings from other cases involving different parties. If the judge had uttered words like stare decisis and said things like, I don't see any new facts. The law hasn't changed. I'm going to use my, I'm being the judge now, the District Court judge, I'm going to rely on my prior rulings. I've heard pronouncements about this evidence. Home Depot position fails for those prior rulings. Could the judge have done that? No, Your Honor. He can't rely on a thing like stare decisis within its own, if he considered the fact that you had no new law and no new facts. No, Your Honor. Let me just, there are four points I want to make on that, just very quickly. First of all, and I think most importantly, District Court rulings, whether it's the same judge or different judge.  Second point, you certainly couldn't give stare decisis effect to a non-ruling. And here, again, there are three entities that are involved, USG, certainty, Georgia-Pacific. With respect to USG and Georgia-Pacific, the court purported to give binding effect to the absence of a summary judgment ruling as to USG in the absence of a case against Georgia-Pacific. There's no theory under which a non-ruling could have sort of persuasive effect or binding effect in any way. Third, I think, and this is, even if you could have some sort of stare decisis effect, you couldn't give stare decisis effect to a summary judgment ruling in the way the court, you know, sort of did here, or preclusive stare decisis effect to a summary judgment ruling, when the issue in front of you is the admissibility of expert testimony. Because the standard for allowing expert testimony doesn't turn on whether the facts that the expert is relying on are sufficient independently to satisfy a summary judgment standard. So, again, when you're admitting the expert, the standard is whether the expert is relying on evidence that's reliable and isn't, like, completely... Well, the judge had a different problem with the expert, and that was in part that he was reaching conclusions that were inconsistent from the standard. So, again, two of them were non-rulings. The only one that was an actual ruling was a summary judgment ruling. And a summary judgment ruling is not enough. Just because you don't have enough evidence to get to a jury in one case doesn't mean that that evidence can't be relied on by an expert in another case. I think you're... I understand that there are other things, but I thought I read some of your brief to say, no, nothing can ever be applied from one to the other. I think you can apply some doctrines, but I think you have to honor the basic black letter elements of those doctrines. So, for example, with respect to law of the case, you need to have the thing that the rulings be in the same case. And so if the cases aren't actually the same case, then you just can't apply law of the case. And issue preclusion, I get that, too. But I'm worried about how this might affect MDLs generally. Right. Well, I think to provide practical guidance for purposes not only of this ruling in this case, but for purposes of this case and then other MDLs, we would sort of respectfully suggest that the court do three things and say three things to kind of provide some guidance going forward here. First of all, I think it's really important that the court make clear that the law of the case and issue preclusion holdings that were the basis of this order were incorrect for all the different reasons. You know, applied to non-rulings, not a party in the earlier action, not the same case. There's no final judgment with respect to two of the three entities, et cetera. So point one, that's sort of the easiest thing to do, no law of the case and issue preclusion. Secondly, I think that it's important for the court to provide guidance that in these types of circumstances for Home Depot and other entities in a MDL, that each litigant has to be entitled to kind of have its own case adjudicated on its merits. And you can put some flesh on that bones by saying that in this case, what Home Depot is allowed to do is we're allowed to present new arguments that were made by other parties in the other cases in ways that are more persuasive. And the district court has to consider whether they're in fact more persuasive. And we're allowed to rely on new evidence, on evidence that was available to other parties in other cases, and both. And that the court, when looking at these new arguments and new evidence, just has a duty to kind of assess them from the ground up. Finally, though, and this speaks to your point, Chief Justice Chigares, I think that it's not, we're not saying that the district court has to take account of the fact that other rulings have been made. But it needs to take account of those other rulings in a certain way, which is essentially to give them potentially persuasive value, persuasive effect, in the same way that the court would give persuasive effect to other district court rulings in other cases. Is there anything really wrong with saying, hey, I've already decided this issue, and as Judge Schwartz pointed out, in the absence of new facts, no new facts, no intervening law? What's wrong with the judge saying, I've done this, I think this applies, and that's it? Well, if the judge is looking at it through the lens of law of the case and issue preclusion, you've got two basic problems. No, no, no, no. Okay. So if we've gotten rid of that. Wait a second. Just what Judge Chigares asked you, which was no new facts, no intervening law. Can't the judge in his discretion or her discretion say, hey, I've decided this, and I think it applies here? And just to make clear, we're talking about a hypothetical. We're not talking about a situation in which the old ruling is a summary judgment ruling, and the issue in the next case is an expert admission issue, which for the reasons I've already talked about don't govern here. I think it would be okay for a judge to say in your hypothetical that, yes, we've gotten, you know, just like a judge could look to any district court decision involving similar facts in a different case, it could say, you could take account of that fact and say, of course, if you're going to persuade me, I want to understand why your case is different from the other case. It's okay for it to say that, but I think you've got to be careful, because I think there could be a tendency to use that sort of mode of reasoning as a shortcut, and essentially to force the new litigants to really litigate their case through the lens of another case involving different parties. I really don't understand what happened here with this district court judge, Judge Bailenson's activities and the fulsome consideration he gave to all the summary judgment rulings. You're an expert. You may disagree with him, but can you say he was just doing sort of these drive-by rules? Oh, I do think that the judge was a little bit confused about the relationship between the cases. Let me just give you one example. Well, let me ask you a question, because I know where you're going with that. One of the things he says in his opinion at J830 is he says Home Depot litigated and argued extensively in the MDL proceedings. I would assume you disagree with that point. It's just a factual point, Your Honor, and it's just not true. I mean, just to be clear. Let me just stick with me for a second. My understanding is the role, from your perspective, that Home Depot played, it was a putative class member and joined or didn't opt out of two of the class actions. Am I correct? Yes. Is there any other activity Home Depot engaged in before it filed its suit in Georgia? I think it's possible that we responded at one point to a subpoena, but we were not a litigant. And with respect to the summary judgment ruling that the court was talking about there, first of all, we weren't a party to the class. There was no certified litigation. We weren't a party to the case, no certified litigation class. We did not file a brief at summary judgment. We didn't present oral argument in summary judgment. Not only that, Your Honor, we couldn't even read the briefs, because they were filed under seal at the time the summary judgment was adjudicated. So I think when Judge Bailson said that we litigated extensively at the stage, it's just a factual error. And I think what it plays up is the danger of courts when they're, and with all respect to Judge Bailson, it's an enormous, it's a hard case. There's a lot of parties, a lot of facts, and a lot of evidence. But there's a danger that these cases can get conflated in these circumstances. And it's especially important in these circumstances to be vigilant to protect the due process rights of Home Depot or other parties that are added to an MDL later, to make sure that they're treated distinctly and have their rights respected. And I think with all respect to Judge Bailson. Can I just cut you off for a second? Judge Sirica's been waiting to ask a question. Thank you. My understanding is there were three areas of new evidence that you proposed, incriminating co-conspirator statements, Lafarge's vice president for sales testifying that all the senior managers of all the defendants were in collusion, and close coordination between USG and its sister company, L&W. Were these presented in any of the cases up until, in any of the cases beforehand? So I'm going to answer your question, but I just want to preface it by saying we don't think we were required to supply new evidence. But the answer, Your Honor, with respect to the Home Depot testimony that I think it was the first point that you mentioned, we had evidence that was developed in this case alone, not in the earlier cases, of Home Depot testimony from senior Home Depot officials that said that, and these were buyers, people who were buying drywall, they testified that they went to USG and other top suppliers at Home Depot and offered to double the amount of drywall that would be purchased in exchange for not raising the prices as high. And all of these suppliers refused to break ranks, break ranks, that's the testimony that was given, even though we offered to double the purchases from them. This was new evidence that was developed in this case, it wasn't cited or relied on before. We brought this evidence to the attention of Judge Bailson, and Judge Bailson didn't look at it. We put it in front of him, this is clear at pages JA377 to 378, we have deposition testimony, I think it's Exhibit 10, as part of the summary judgment filings. We put it in front of him, and then in his order, when he says, oh, you didn't have any new evidence, he says that the new evidence, the only place that he looked to new evidence was to certain Home Depot exhibits. He looked at 10 exhibits, and it didn't include the new evidence that we gave him. So that's just one example. With respect to the hearsay evidence, the evidence of the Lafarge official speaking to the analyst, this was presented in the earlier case at the stage when certainty was being evaluated and was eventually granted summary judgment. Judge Bailson in the certainty case said that this piece of evidence could not be considered against certainty because of the hearsay rules. Here, the evidence can be considered against Lafarge. So even though the same piece of evidence was in play, it couldn't be considered in the earlier ruling, it can be considered now. Even though most of the time you're claiming no purchases from Lafarge for most of the class period? You're saying that evidence is worthy of consideration? Absolutely, Your Honor, because the evidence is Lafarge saying, is talking about, here, let me just read the... I'm aware of the evidence you're describing. I'm asking you, is it still important? Yes. Lafarge is saying that all of the manufacturers are intent on seeing this price increase stick. So even though we didn't buy from Lafarge, we think Lafarge was both a member of the conspiracy and was presenting evidence as to everyone else in the conspiracy. And this evidence wasn't admissible as to certainty. It is admissible against Lafarge. So that's a second piece of new evidence. And then, Judge Sirica, the final thing that you mentioned was the relationship between L&W and USG, their sister companies. And the court in the Home Builders case had said that L&W, USG's sister, could potentially, you know, the case survived summary judgment in Home Builders as to them. And then in this case, we brought up evidence that hadn't been presented the same way. We presented the evidence differently. I think we cited some evidence that had been in the discovery record but hadn't been put forward in the papers in the Home Builders case. And we repackaged that evidence in a way that we thought was more persuasive to address some of the deficiencies that Judge Baleson had identified in the USG ruling. So on each of those three points, we think we had either brand new evidence, we had either evidence that was inadmissible in the earlier case but could be considered here, or evidence that was reformulated in a way to address Judge Baleson's concerns. And I think the problem was that Judge Baleson was so sort of fixated on his earlier rulings in the case that he didn't really give us a fair shake and he didn't look at the evidence fresh in the way that we think we're entitled to have our evidence considered. And so I guess I would just say, just to sum up, we do think that we're entitled to our own day in court here. We think it's important and valuable to clarify not just that law of the case and issued preclusion don't apply, but that we are allowed to rely on new and old evidence, make new arguments, and reformulate old arguments in ways that are more persuasive. And for those reasons, we ask you to reverse. Thank you, counsel. Thank you, Your Honors. Jennifer Greenblatt of Goldman Ismail, here on behalf of Appellee Lafarge North America. Under Rule 702, Judge Baleson did not abuse his discretion in excluding Home Depot's economic expert. I want to start off by addressing what Home Depot's entire argument depends on, which is mischaracterizing the district court as providing Home Depot with no chance to make arguments in regards to the admissibility of its expert. Home Depot has not just had its chance to make its arguments, it's had many chances. To begin, the court specifically said at the beginning, at the outset of this case, that Home Depot would be provided the opportunity to take fact discovery. It held there was no bar to Home Depot seeking discovery of its own. The district court, in regards to whether or not Dr. Kneiper was admissible, repeatedly asked Home Depot for any evidence that it had as to whether CertainTeed, Georgia Pacific, or USG conspired. The district court issued written questions in advance of oral argument, asking Home Depot to, quote, be prepared to discuss what new evidence it procured beyond Dr. Kneiper's mere glosses on old evidence. That's at JA 282 through 283. The district court asked Home Depot the same question at oral argument. The district court gave Home Depot an opportunity to file supplemental briefing on the same question, and the district court even offered to hold an evidentiary hearing on Dr. Kneiper's opinions, where Home Depot could, quote, introduce the evidence. Neither Home Depot nor Dr. Kneiper collected or presented any relevant new evidence regarding CertainTeed, Georgia Pacific, or USG. The district court did not abuse its discretion in concluding as much. But did the district court really rely on that, or was the district court really focusing on, I've made prior rulings, law the case, and issue preclusion bar any thing different than that, any conclusions different than those already reached? Your Honor, absolutely not. The court evaluated all of the evidence that Home Depot put forward. It just simply found that Dr. Kneiper, much like prior parties, had failed to come forward with sufficient evidence in order to offer the opinions that he did. But if we disagree with, well, if we disagree with what, it just, and I'm not going to speak for my colleagues, but it seems to me that this law of the case and issue preclusion, it seems to be rampant throughout the entire opinion, even though there are separate sections. If we disagree with the judge that either of those doctrines apply, don't we have to send this back to get a clear, to get some clear rulings? Your Honor, if this court believes that the court should have called what it did something other than law of the case or issue preclusion, there's no need to send the case back. To be clear, the law of the case and issue preclusion doctrines that Home Depot describes are not what the court actually did in its opinion. What the court actually did in its opinion was it looked back at the evidentiary review, the extensive evidentiary review that it had done and did here, and asked Home Depot, what's new? What new evidence do you have? And the farce that somehow the court did not evaluate the evidence that Home Depot brought. I'm reading one quote, they were bound by the prior rulings. I mean, that sounds like, to me, issue preclusion and or law of the case. As a follow-up, the certification opinion asks in a variety of different ways, you know, is Home Depot bound by these doctrines of issue preclusion, law of the case? So, I mean, it's hard for us to suggest that the, to ignore the fact that district courts seem to at least be very cognizant of those doctrines. The court was cognizant of the fact that Home Depot had made no changes from the prior record that was developed in the MDL. The court was certainly cognizant of that. And certainly the court also, and I want to be clear, the court did not say that it was the guy's whole opinion. But it is the question that got certified. Correct. And I would like to say, you know, one of the things that struck me is this is a Rule 7 or 2 decision. And the issue that's certified is not the issue that's on appeal. What's on appeal is the order. The court's order excluding Dr. Knieper. And, you know, to the extent that this court is reviewing the order, it's not for Home Depot to pick and choose which parts are up on appeal. And I do want to be clear, putting aside what the court called it, this court, Judge Bailson, did not abuse his discretion in concluding that Dr. Knieper's report was inadmissible. And this court can and should affirm on any basis that's found in that order. Well, let's talk about it. Let's just see. Maybe there's not disagreement on what the law is. So the Supreme Court has observed that when cases are all brought together under an MDL, they retain their individual identity. Do you agree with that? Correct. They are not merged in a Rule 402 fashion, and the court here did not treat them as such. Do you mean Rule 42? I'm sorry. Yeah. They're not combined in a Rule 42. For all purposes, right. So Home Depot had an independent case with its own identity. It got transferred to the MDL. Do you agree with that? Correct. It filed an opt-out matter. Now, to be clear, Home Depot's purporting that it was not involved in the MDL below is simply false. Home Depot participated in multiple certified settlement class actions. In fact, it participated with U.S. settled with U.S. He didn't disagree when I asked him about what they did, and he did not dispute that they were did not opt out of two of the class certifications. Correct. And what Home Depot also does not dispute is that Dr. Knieper is not entitled to offer legal opinions. That's one of the basis of Judge Baleson's order. In fact, the district court said that the first reason for exclusion was that Dr. Knieper offered improper opinions, which crossed the line from economist to attorney, juror, judge. The court presented page after page of quotes from Dr. Knieper's report where he opined that drywall suppliers conspire to raise prices, a legal conclusion based on his own unsupported factual findings and not any economic analysis. But we were aware of what the judge's opinion is. I'd like to ask you about a case called DeLuca from the Third Circuit from 1990. In that case. You familiar with it? Because it wasn't anybody's briefs, I don't think. Do you know the case? It sounds vaguely familiar. It was it was a it was a pharmaceutical product that was causing birth defects. There was an MDL sometime after the MDL. There's a separate lawsuit. OK. OK. And one of the observations made in that case was that principles of issues preclusion, I'm quoting from the opinion, have not developed to the point where we may bind a plaintiff to findings by previous proceedings in which they were not a party, even a proceeding as thorough as a multidistrict litigation. I'm paraphrasing. Doesn't that case end any discussion about issue preclusion? Well, so, Your Honor, as to as to whether or not the court should call it issue preclusion, I will say that, you know, what matters, right? Issue preclusion and law of the case have factors. And whether those doctrines are preclusive, we can't like labels in this circumstance do matter. Unless you're saying that we agree on behalf of Lafarge that there is no issue preclusion doctrine applicable here, because Home Depot was not a party to when those summary judgment rulings were made. What I would say is that there's no dispute that what Judge Bailson did is not apply a strict version of issue preclusion to not allow Home Depot to present evidence and argument. I heard my adversary say that what Home Depot should be allowed to do below in front of Judge Bailson is to offer new evidence and to make new arguments and have the court assess them. That happened here. That happened here on multiple occasions. That happened during oral argument. That happened with the written submissions. All of these things were presented to the court. And the notion that Judge Bailson did not review them is simply just false. As to USG in particular, I know that there was commentary suggested about USG. And I would like to quote for you from the court's opinion, JA-26. The court has reviewed those exhibits. Those are the exhibits that Home Depot identified during oral argument and concludes that there are no incriminating documents or anything else that could serve as a basis to find that USG conspires, as Dr. Kneiper concludes. So the notion that the judge somehow did not allow Home Depot to present evidence or argument is false. Home Depot just does not like what Judge Bailson concluded. And he did not, in fact, abuse his discretion in so concluding. Well, what do you mean by, quote, a flexible version of the law of the case and issue preclusion? That was at page 30 of your brief. What is that? What is that? And what supports the existence of such doctrines? So the reason why we know that that's what Judge Bailson applied is because he cited a case that did just that. That's the Philadelphia Housing Authority case, where the court analyzed whether it should depart from its previous legal decision as to whether parties had standing to bring an antitrust case. And the court had, in an earlier MDL opinion, ruled that there was a lack of standing. Another case came forward, and the court asked itself, But hasn't that case been criticized because it wasn't taking into account whether or not the entity who's being bound by those prior standing rulings was actually a party at the time the ruling took place? I mean, has that opinion been criticized for that? If it's been criticized, it's only in law review articles that Home Depot has cited. It has not actually been criticized by any by any persuasive authority at all. And in fact, there couldn't be any criticism. How do I reconcile that opinion with DeLuca, which I just read the excerpt of? DeLuca was just a different application of a principle that was never applied here, which is, I'm not going to hear your argument because you've already been represented in a prior litigation. To be clear, there's actually authority to the contrary that would apply to Home Depot here. That's the airplane authority that we cited, airline authority, where a previous party had, the court concluded, had been adequately represented because the airline had gone through a trial and rulings were made adverse to that airline that were then applied to a different party, the pilot. And here, Home Depot's purporting that it's unfair somehow for it to be, to have to come forward with evidence and argument that distinguishes its case from the previous MDL case. When it accepted money and participated in the MDL by way of taking, failing to opt out of several settlement classes, and the court, to be clear, also did certify the direct purchaser class. But instead of opting out of that, Home Depot chose to say, no, I'm not going to do that. I'm instead going to remain in a settlement case as to USG, as to every other party besides Lafarge, who they never bought any drywall from, ever. So, and I do want to also address briefly the suggestion, because it's false, that the district court did not consider in the Home Builders case USG's evidence, the evidence that Home Depot is now trying to repackage, as it said. Home Depot references some supposedly incriminating hearsay statements that it claims the court failed to consider in the USG matter. That's simply not true. Lafarge's brief pointed out the district court as to USG, in the Home Builders case, analyzed those very pieces of evidence that Home Depot cites, and it rejected those as being insufficient to overcome summary judgment as to USG. And as to the fact that Home Depot now claims that it had new evidence, Judge Bailson heard that evidence. It took that evidence. It reviewed that evidence. It concluded that that evidence was not sufficient to permit its expert, Dr. Kneiper, to proclaim that, in fact, USG was a conspirator. And I want to be clear as to something else here. We have a complete mismatch as to the fit of what Dr. Kneiper proposes to testify to, and what's actually a live issue in this case. For instance, as to Georgia Pacific, Home Depot concedes, and we cite that in the supplemental appendix, it's not claiming that Georgia Pacific is a conspirator, yet its expert, Dr. Kneiper, proclaims that it is. In a raw argument, Judge Bailson asked Home Depot, why are you having your expert proclaim CertainTeed is now a conspirator? Home Depot says, we don't need that opinion for anything. We don't need it for anything. So here we find ourselves arguing about an expert who's offering opinions that don't fit the facts of the case, that, according to the court, have, quote, very little economic analysis, and that Home Depot has essentially conceded are not needed for anything. And meanwhile, those opinions, there's nowhere in any of the reply or anywhere else that Home Depot has acknowledged that the Dawbert 702 standards apply here. And its expert was properly so, found to be by this judge unreliable, issuing proclamations that are based on a dearth of evidence. No one knows the record better than Judge Bailson. And he was perfectly entitled, and should have been entitled, that's the whole reason for having an MDL, to look back on his previous opinions, ask Home Depot what's new. What do you have? There's no new law. There's no new evidence. So that takes this out of the realm of any improper application of issue preclusion or law of the case, because Judge Bailson gave Home Depot more opportunities than most to make its case here as to why Dr. Knieper's opinion should not be excluded. And it should be excluded. He still insisted he was relying on law of the case and issue preclusion. Principles of those two doctrines. And he said it several times, principles of. So it wasn't unfair for him to use principles of that. Law of the case is a very flexible doctrine. It's been applied many different ways by MDL courts across the country. But you have to be in the case. That's the problem, right? You have to be Home Depot versus Lafarge is a separate case from the certified class, the litigation class. They're different cases. So one of the conditioned precedent of law of the case is you've got to be in the case. Well, Judge Bailson actually pointed out in his analysis, he concluded that Home Depot did nothing to make its case any different from the previous record that was set forth in the MDL. Well, all right. So that brings up the other question we've touched on a little bit here. Do you think that we need to state some sort of a rule, not issue preclusion or law of the case, but in MDLs, in the MDL context, are district judges free to apply prior rulings if a litigant presents no new facts, no new evidence, and no new arguments? That would not be a new law, Your Honor. That would not be a new proclamation. But do we need to say it? I think that it would be perfectly fair for this court to confirm what is true across MDLs across this country, which is to say whether you want to call it law of the case, issue preclusion, Bob, or you want to call it just relying, just being cognizant of prior rulings, which is what many MDL courts say and do. If a party comes forward and has its chance to come forward and say, here's why my expert, despite the fact that this court has found insufficient evidence that a party could be deemed a conspirator, despite all those things, I need to identify new evidence or new facts in order to get myself outside of the prior rulings. There's nothing wrong with that. This court could cite numerous cases. Zoloft litigation, that was true. There's the asbestos litigation where this court has already affirmed the use of Lone Pine orders. There is doctrine abound that there is absolutely nothing wrong with doing what this court did. And, in fact, the whole reason why the case was sent to an MDL was for Judge Bailson to be able to utilize his extensive prior knowledge of the discovery and of the dispositive motions that were made. That was in the JPML court's order. So there's absolutely nothing inappropriate with what the court did. And whether the label applied, and I will actually say that the leading case that Home Depot cites, Continental, the Continental case from the Third Circuit that outlined what law of the case and issue preclusion might mean, the court in that case declined to say which particular label it wanted to put on what the court was doing. It simply held that there was nothing improper about the court declining to reconsider and change its ruling from the prior case that it had already adjudicated. All right. Thank you, counsel. Thank you, Your Honors. Just a few points, Your Honor. First of all, I think the most important thing we heard up here was an unwillingness to actually defend the law of the case and issue preclusion holdings. I think that the history of this litigation shows that Judge Bailison was just made an error on this, on those legal issues. And I think it's notable that the error was invited by the other side. Lafarge specifically asked this court, my adversary, Ms. Greenblatt, argued, this is at page 296, at the hearing in front of Judge Bailison, she specifically argued to him that he had the power to rule that law of the case precludes Home Depot from litigating the conspiracy membership of the party. She also invoked issue preclusion. They then doubled down on that later in the oral argument at page 325 and then tripled down on it when they filed a supplemental brief after the hearing at pages J369 to 371 that expressly said to Judge Bailison, please rule on law of the case and issue preclusion. Absolutely, they apply here. So they basically got Judge Bailison to issue an order that was defective legally. They're now on appeal. They tried to pretend that that was not the basis of his ruling in opposing certification. They're now on appeal, and they're not willing to defend the ruling that they themselves invited. So I think those rulings have to go away, and I think it has to be, at a minimum, a remand to Judge Bailison. Can you answer the question I asked your adversary? I mean, is it that in the MDL context, is a district judge free to cross-apply prior rulings where there's no new facts, no new evidence, or no new arguments? I don't think you can just cross-apply the prior rulings in a way that under- MDL. In an MDL that violates the substantive rights, or that would affect the substantive rights of the party that's later been added to the MDL, unless that party is able to have the ability, the way he would if there hadn't been a prior MDL, to make new arguments, different arguments, new evidence. I'm not saying they're precluded. I'm saying, but what if a party presents no new facts, no new evidence, and no new arguments? Well, certainly we're not arguing to this Court that because we were in an MDL, we automatically have to win. I'm talking about just the general rule. Yeah. I think the general rule should be, and, again, let me just sort of spell it out because I think it's nuanced. Number one, you certainly can't apply law of the case, issue preclusion, or stare decisis. Number two, the principle has- Cannot. Cannot. Cannot. Ever. Stare decisis wouldn't apply because it's another district court decision, and so there's no stare decisis effect. When I use the word stare decisis, please let the record be clear that I understand what it means. Oh, I know. Simply I'm saying that it has a persuasive value. I think that's what Judge Chigaris is also driving at. It's just like anything else that might be an F-sup, whatever we're up to. Right. It has persuasive authority if there's no new facts, no new law. And apropos of what you're saying, the parties had an opportunity who's going to be held to that- Right. Has had a chance to be heard, correct? So just to be clear, I was using stare decisis in its formal sense, but I agree with you that in a circumstance in which we agree that there's no law of the case, issue preclusion, and formal stare decisis effect, if you're looking at the exact same issue, and there's literally no different evidence and no different argument, I don't see any reason why a district court could not take account of that fact in ruling in that way. Here, this is not the same issue because the district court was being asked to defer to non-rulings and to a summary judgment ruling when it was considering whether to admit an expert, which those are different issues. I think finally, though, I do think the key principle has to be that anyone who's been added to an MDL can't have their substantive rights affected by what's gone-impacted or prejudiced by what's gone before. It can't be bound in any significant way. It has to have the chance to present its own arguments and to get a fair hearing. Could I just make one last point on the evidence? Sure, go ahead. You know, there's obviously a dispute about whether the evidence and arguments were different. We don't think that those disputes are fully teed up here. Frankly, what we hear when we hear Lafarge arguing about the difference in arguments and evidence is really a summary judgment argument. Summary judgment has been briefed up in this case for a long time, I think since 2020. It's been stayed. It's been stayed, but it's sort of been on hold. But that's the proper time in which the court can address whether at a summary judgment level whether we've put forward sufficient new evidence or sufficient evidence, sufficient new evidence, old evidence, arguments to get past summary judgment. And that's not really, this isn't the time or the place in the context of an appeal with respect to an expert who's just one piece of that evidence to resolve that issue. Understood. We ask you to reverse. Thank you, Your Honors. Thank you, Counsel. We'll take the case under advisement.